UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tim Mulcahy, <br><br> Plaintiff, <br><br> v. <br><br> Cedric Kerns, <br><br> Defendant. | Case No. 2:20-cv-01788-JAD-BNW <br><br> **ORDER AND REPORT AND RECOMMENDATION** |

Presently before the court are a variety of different motions filed by pro se Plaintiff Tim Mulcahy: Motion to Cease and Desist (ECF No. 2), Motion for Immediate Relief (ECF No. 3), Motion for Peremptory Writ of Prohibition (ECF No. 5), and Motion to Extend Time to File Response (ECF No. 6).

**I.      Motion to Cease and Desist (ECF No. 2)**

Plaintiff's Motion to Cease and Desist is two pages long, seems to be missing pages, and also fails to clearly state the law upon which he relies or how the facts in the case apply to the law. Several exhibits were filed as well, but without an understanding of what Plaintiff is asking this Court to do, the exhibits are not helpful.

Under Local Rule 7-2(a), all motions must be supported by a memorandum of points and authorities. "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). Additionally, "[t]he court may strike any document that does not conform to an applicable provision of [the court's local rules] or any Federal Rule of Civil or Criminal Procedure." LR IA 10-1(d). Plaintiff's failure to file a logical memorandum of points and authorities in support of his motion constitutes a consent to the denial of the motion under Local Rule 7-2(d). Therefore, the court recommends this motion be denied.

**II.     Motion for Immediate Relief (ECF No. 3)**

This Motion is 14 pages long (including exhibits) and consists of an amalgam of legal authority, correspondence, and facts. There is no demarcation between the legal authority, the correspondence, and the facts of the case. This lack of structure and organization prevents this court from understanding the relationship of these items to each other or to the other filings in this case as a whole.

As previously noted, under Local Rule 7-2(a), all motions must be supported by a memorandum of points and authorities. "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). Additionally, "[t]he court may strike any document that does not conform to an applicable provision of [the court's local rules] or any Federal Rule of Civil or Criminal Procedure." LR IA 10-1(d). Plaintiff's failure to file a logical memorandum of points and authorities in support of his motion constitutes a consent to the denial of the motion under Local Rule 7-2(d). Therefore, the court recommends this motion be denied.

### III.  Motion for Peremptory Writ of Prohibition (ECF No. 5)

This Motion is a shorter version of the Motion for Immediate Relief. For the same reasons the court denied that motion, the court recommends the denial of this motion.

### IV.  Motion to Extend Time to File Response (ECF No. 6)

Plaintiff requests that he be provided additional time to respond. He seems to be referring to an entry on the docket indicating that the response to Plaintiff's Motion for Peremptory Writ of Prohibition (ECF No. 5) is due on October 27, 2020. This deadline is not for Plaintiff but for the Defendant. However, there is no indication that the Defendant has ever been served with any of the motions that Plaintiff has filed. For these reasons, the court denies this motion.

### V.  Instructions for Any Additional Filings

As best the Court can tell, Plaintiff is attempting to lodge a complaint regarding the property he was inhabiting and is trying to ask the court for injunctive relief: for the defendant to cease doing something he is currently doing. It is not clear if Plaintiff was evicted or what the nature of his complaint is. It is also not exactly clear the role the Defendant, Judge Kerns, plays in this complaint. The court cannot assist Plaintiff unless he first a) files a complaint that b) provides

a brief factual explanation about how he believes the law was violated, and c) specifically tells the court what relief he seeks. In addition, Plaintiff must ensure that the defendant is served with the complaint. Lastly, to the extent Plaintiff is seeking injunctive relief, he must file a motion for such relief that follows the format mentioned above.

**IT IS THEREFORE RECOMMENDED** that Motion to Cease and Desist (ECF No. 2) be denied.

**IT IS FURTHER RECOMMENDED** that Motion for Immediate Relief (ECF No. 3) be denied.

**IT IS FURTHER RECOMMENDED** that Motion for Peremptory Writ of Prohibition (ECF No. 5) be denied.

**IT IS FURTHER ORDERED** that Motion to Extend Time to File Response (ECF No. 6) is denied.

**IT IS FURTHER ORDERED** that if Plaintiff wants to proceed with this case, he must file a complaint by December 4, 2020. Failure to comply with this order will result in a recommendation to the district judge that this case be dismissed.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 3, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE