UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Tim Mulcahy,

        Plaintiff

v.

Cedric Kerns,

        Defendant

Case No.: 2:20-cv-01788-JAD-BNW

**Order Adopting Report and Recommendation and Dismissing Action**

[ECF Nos. 2, 3, 5, 8]

      Having reviewed the record of this action, the magistrate judge recommends in a report and recommendation (R&R) that I deny Plaintiff Tim Mulcahy's motions to cease and desist, for immediate relief, for a peremptory writ of prohibition, and to extend time to file a response.[1] Objections to that recommendation were due by November 17, 2020. And because the plaintiff has not filed a complaint to properly commence this case, she ordered him to file one by December 4, 2020.[2] Because mail directed to the plaintiff has been returned to the court, the magistrate judge also ordered the plaintiff to update his address by December 4, 2020, or she would recommend that this case be dismissed.[3]

      Mulcahy neither objected to the report and recommendation by the deadline nor moved to extend that deadline, and he has not updated his address with this court. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[4] Having

---

[1] ECF No. 8.

[2] *Id.*

[3] ECF No. 9.

[4] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

reviewed the R&R, I find good cause to adopt it, and I do.  And because Mulcahy has failed to file a complaint in this case or update his address, I dismiss this case without prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[6]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8]  A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[9]  And

---

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[6] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

that warning was given here.[10]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that the Report and Recommendation **[ECF No. 8] is ADOPTED in its entirety.**

IT IS FURTHER ORDERED that the Motion to Cease and Desist **[ECF No. 2] is DENIED**;

IT IS FURTHER ORDERED that the Motion for Immediate Relief **[ECF No. 3] is DENIED**;

IT IS FURTHER ORDERED that the Motion for Peremptory Writ of Prohibition **[ECF No. 5] is DENIED**;

IT IS FURTHER ORDERED that **this action is DISMISSED** without prejudice for failure to file a complaint and for failure to update address.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

Dated: December 8, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[10] ECF Nos. 8, 9.

3